## No. 308

STATE ex HARDING v. McCORD, Supt., et al
Ohio Appeals, 9th Dist., Summit Co.
No. 1290. Decided April 1, 1927

233. CIVIL SERVICE—Illegal discharge of assistant attendance officer, that position not having been abolished, is of no effect and relator recognized as the lawful incumbent of said position.

First Publication of this Opinion

PER CURIAM.

George Harding, on July 15, 1913, was hired by the Board of Education with one Chas. Watson, a struant officers, without designating which one was the truant officer and which one the assistant. Harding was subsequently hired at different times, there always being two or more truant officers at the same time, there being no designation which was the truant officer and which was the assistant or assistants.

This arrangement continued until July, 1926 when the relator was hired with others as attendance workers, there being no specific designations. In 1914, the relator was examined by the civil service commission of Akron and put upon its classified list and continued thereon; and was the only officer certified to the civil service commission.

In November, 1926, the board of education decided to reduce the number of attendance officers, and on Feb. 1, 1927, George E. McCord, the Superintendent of schools wrote relator that "for good and sufficient reasons" he had been discharged. On Jan. 17, 1927, another officer was designated for the first time as the attendance officer by the board of education.

This being an action in mandamus, the Court of Appeals held:

1. Relator was never employed other than an assistant truant officer or assistant attendance officer and therefore was not reduced in grade and has no ground of complaint as claimed by him in reference thereto.

2. Harding being an assistant attendance officer, a position within the classified civil service, and having been selected in accordance therewith, could not be discharged except in accordance with the civil service law.

3. The action of the board in abolishing the three positions of assistant attendance officers was not effective to sever the relator from the service, because the legislation of the board did not specify his position as one of those abolished.

4. The relator's position not having been abolished and he not having been legally discharged, he is still an incumbent of that position, and an order may issue to assign him to the duties of said position and permit him to perform and exercise the powers, duties and functions of said position.

Order accordingly.

(Washburn, PJ., and Funk & Pardee, JJ., concur.)

Attorneys—Lee J. Myers for State ex; H. M. Hagelbarger, W. A. Kelly and W. H. Knowlton for McCord; all of Akron.